UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-1393 PA (RCx) | Date | March 30, 2010 |
| Title | Steven Majeske v. DRS Techs., Inc., et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants DRS Technologies, Inc. and DRS Sensors and Targeting Systems, Inc. (collectively "Defendants"). (Docket No. 1.) Defendants assert that federal jurisdiction exists on the basis of a federal question. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). "[E]ven if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

Under the Employment Retirement Income Security Act ("ERISA"), there are two kinds of preemption, complete preemption and conflict preemption. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009). "[C]omplete preemption applies, and thus removal is

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1393 PA (RCx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | Steven Majeske v. DRS Techs., Inc., et al | | |

permissible, when the complaint asserts state law claims that fall within the scope of [29 U.S.C.] § 1132(a)." Toumajian, 135 F.3d at 653. Section 1132(a) contains the civil enforcement provisions of the Employment Retirement Income Security Act ("ERISA"). "Complete preemption under § [1132](a) is 'really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" Marin, 581 F.3d at 945 (quoting Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 596 (7th Cir. 2008)).

Conflict preemption, on the other hand, arises under section 1144(a) of ERISA. Section 1144(a) states that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" created under ERISA. 29 U.S.C. § 1144(a). "A provision of state law may 'relate to' an ERISA benefit plan, and may therefore be preempted under § [1144](a) . . . . But a defense of conflict preemption under § [1144](a) does not confer federal question jurisdiction on a federal district court." Marin, 581 F.3d at 945. If the complaint is subject to a defense of conflict preemption but not complete preemption, "[t]he district court lacks power to do anything but remand the case to the state court where the preemption issue can be addressed and resolved." Toumajian, 135 F.3d at 655.

Plaintiff Steven Majeske's ("Plaintiff") Complaint does not state any federal claim on its face. According to the Complaint, Plaintiff is a former employee of Defendants. In October 2001 Plaintiff was considering employment with another company called Raytheon where he would receive better retirement benefits. Defendants told Plaintiff that if he stayed with Defendants he could participate in a Supplemental Retirement Plan ("SRP") which would provide him with benefits equal to those provided at Raytheon. Based on these statements Plaintiff rejected Raytheon's job offer and remained with Defendants. However, Plaintiff later discovered that his benefits under the SRP were inferior to those he would have received at Raytheon. The Complaint brings causes of action for fraud, constructive fraud, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing.[1/] Plaintiff seeks compensatory and punitive damages.

Defendants removed this case, claiming that jurisdiction exists because Plaintiff's claims are related to the SRP, and thus preempted by section 1144(a) of ERISA. However, a defense of conflict preemption under section 1144(a) is not a sufficient basis for removal. Toumajian, 135 F.3d at 655. Defendants also bear the burden of demonstrating that Plaintiff's claims are completely preempted by showing that the claims could have been brought under section 1132(a). Id.

---

[1/] The Complaint also brings unrelated claims for wrongful termination and age discrimination under the California Fair Employment and Housing Act. Plaintiff does not assert any action under the federal Age Discrimination in Employment Act.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1393 PA (RCx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | Steven Majeske v. DRS Techs., Inc., et al | | |

The only provisions of section 1132(a) which allow suit by a private citizen are subsections (1) through (4). Subsections (1)(A) and (4) do not apply because Plaintiff is not claiming relief against a plan administrator who failed to comply with requests for information. See id. at 656. Subsection (1)(B) allows a plan participant or beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here Plaintiff is not attempting to recover benefits under or enforce any terms of the SRP; rather, Plaintiff's claims are for the benefits that he would have received under another plan that he did not participate in. Therefore subsection (1)(B) does not apply. See Eisenenegger v. Pac. Telesis, No. C 95-2736 FMS, 1996 WL 190835 at *3 (N.D. Cal. Apr. 15, 1996)(noting that "ERISA's civil remedies did not 'extend to claims of oral misrepresentation[s] regarding the level of benefits provided by a plan.'"). Subsection (2) permits a plan participant or beneficiary to bring suit for relief under 29 U.S.C. § 1109. However, Plaintiff's claims cannot be properly characterized under subsection (2) because he is not bringing an action on behalf of the plan. See Buster v. Griesen, 104 F.3d 1186, 1189 (9th Cir. 1997)("Plaintiff, however, is not bringing an action on behalf of the plan as required by the plain language of section 1109 . . . ."); Mendelsohn v. Intalco Aluminum Corp., No. C06-0190RSL, 2006 WL 3192513 at *3 (W.D. Wash. Nov. 2, 2006)(holding that the plaintiff's action for negligent misrepresentation based on false representations of the amount of benefits he would receive under the defendant's retirement plan was not an action "on behalf of the plan" as required by subsection (2)). Finally, subsection (3) does not apply because Plaintiff is not seeking equitable relief, only damages. See Buster, 104 F.3d at 1189.

Since Plaintiff's claims could not have been brought under 29 U.S.C. § 1132(a) and no other basis for federal jurisdiction appears on the face of the Complaint or in the Notice of Removal, Defendants have not met their burden to demonstrate that the Court has jurisdiction. See Toumajian, 135 F.3d at 657. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case Number BC429031. See 28 U.S.C. § 1447(c). Defendants' Motion to Dismiss Plaintiff's Third Through Seventh Causes of Action (Docket No. 7) is denied as moot. Defendants Robert Viviano and Andrea Mandel's Motion to Dismiss (Docket No. 20) is also denied as moot.

IT IS SO ORDERED.